UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHENIKKA N. PEEPLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:08CV964 HEA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Lewis M. Blanton, that the decision of the Commissioner be affirmed. Plaintiff has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review.

This Court's review is limited to a determination of whether the decision of the ALJ is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir .2002).

> "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.2001). But "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). "'Substantial evidence on the record as a whole' ... requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984)). In reviewing the administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), *quoted in Gavin,* 811 F.2d at 1199.
>
> In general, the claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Social Security Act. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991).

*Coleman v. Astrue* 498 F.3d 767, 770 (8th Cir. 2007). Substantial evidence is such evidence that a reasonable mind would find adequate to support a decision, considering evidence that detracts both from and evidence that supports the Commissioner's decision. *Clevenger v. Social Sec. Admin.*, 567 F.3d 971, 974 (8th Cir. 2009).

Plaintiff has filed written objections to Judge Blanton's recommendation that the Commissioner's denial of her application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Act be affirmed.

Plaintiff objects to Judge Blanton's lack of discussion of Plaintiff's application for benefits due to a learning disability. Plaintiff claims that Judge Blanton did not address Plaintiff's argument that because the ALJ rejected Dr. Rosso's evaluation and opinion, there was no evidence in the record for the ALJ to base a determination on whether or not Plaintiff had a learning disability or other possible deficit in intellectual functioning. Plaintiff urges that because there was no other evidence in the record addressing this issue, the ALJ was required to order a consultive evaluation to address Plaintiff's allegation of learning disability. Plaintiff thus argues that the ALJ's failure to send Plaintiff for a consultative evaluation was an error of law. Plaintiff's objection is without merit. Under the applicable regulations, Plaintiff is required to submit evidence to establish an impairment. 20 C.F.R. § 404.1513. None of Plaintiff's submissions even suggest Plaintiff has a disabling learning disability,[1] rather, Plaintiff's submissions attempt to establish disability based solely on other mental impairments. Indeed, Plaintiff stated to Dr. Dupree that she dropped out of school because she didn't study as opposed to her inability to pass her courses and that she was never evaluated for specific learning deficits. Thus, the need to hire a consultative examination was not triggered. It was

---

[1] Even Dr. Rosso's evaluation fails to discuss any of his conclusions as learning disabilities.

not, therefore, error to fail to send Plaintiff for a consultative evaluation based on her alleged learning disability.

Plaintiff also objects to the ALJ's finding that Plaintiff was not disabled based on the testimony of the vocational expert that Plaintiff could perform other work such as stocker and cleaner. Plaintiff argues that this finding is inconsistent with Dr. Dupree's report that Plaintiff was able to complete single digit calculations, since these jobs require that an individual be able to add and subtract two-digit numbers. This objection is overruled. Based on the record as a whole, the ALJ's conclusion is supported by substantial evidence. The evidence before the ALJ establishes that Plaintiff previously worked as a cashier and was responsible for operating a cash register. Plaintiff maintains her checkbook, can use money orders and can pay bills. She can live on her own. She drives and can use public transportation, which would entail paying for same. The record as a whole contains sufficient medical evidence and other evidence that supports the ALJ's determination that Plaintiff was not disabled.

Judge Blanton thoroughly analyzed Plaintiff's claims. The Report and Recommendation details the law and its application to the facts contained in the administrative record. The Report and Recommendation is adopted and Plaintiff's objections thereto are overruled in their entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commission is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 22nd day of September, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE